## Kratzer v. Unger

*John W. Potkai,* for plaintiff.
*Michael S. Valimont,* for defendant.
*William B. Koch,* for additional defendants.

BECKERT, *P.J.,* February 26, 1981—This trespass action was commenced by plaintiff to recover for personal injuries incurred when he was struck

by a motor vehicle as he was walking across a highway. The original defendant, in turn, joined as additional defendants plaintiff's foster parents on the theory that they had failed to properly control and supervise plaintiff. Thereafter, the foster mother filed a counterclaim which contained the following averments:

"5. She was the foster mother of the Plaintiff Edward Kratzer, standing in loco parentis for the past eight (8) years and was so on November 9, 1979.

"6. During that time, love and affection developed as between a natural child and mother.

"7. On November 9, 1979, after the Plaintiff walked out of their house to go to school, the Additional Defendant heard a loud thump and turned to see that her foster son had been struck by the Defendant's automobile and was lying unconscious in the road.

"8. The sight of the boy and the knowledge that he was seriously injured caused the Additional Defendant much grief, mental distress, pain and suffering, the effects of which may be permanent."

The original defendant has filed preliminary objections to the counterclaim, asking that it be dismissed for failure to state a cause of action. This argument is predicated upon the leading case of Sinn v. Burd, 486 Pa. 146, 404 A. 2d 672 (1979), which allowed recovery of damages for emotional distress by a mother who had witnessed the death of her son when he was struck by an automobile. This defendant would distinguish the facts of the instant case from those in Sinn, because here the perception of the accident's happening was auditory, rather than visual, and the relationship of the in-

jured party and counterclaimant was not that of a natural parent and child. We find neither distinction persuasive.

Clearly our Supreme Court focused upon the first-hand observation by plaintiff of her son's fatal accident in Sinn v. Burd. However, we cannot believe that the court intended thereby to limit recovery to those situations where the shocking event might manifest itself through the eyesight of the witness, to the exclusion of other types of sensory observation. The important element is the immediate and direct awareness of what has occurred, and the appellate court's concern was to limit recovery to persons "on the scene" when such a tragedy happens, as opposed to those who might learn of it from someone else who had been present. There is no rational reason to believe that what an eyewitness sees will be any more or less shocking than what an "earwitness" hears. For a case which is in accord, see Anfuso v. Smith, 15 D. & C. 3d 389 (1980).

Likewise, we do not perceive of a foster parent relationship as being significantly different from that of a natural parent and child for purposes of evaluating the degree of emotional trauma likely to be suffered by the observer of a serious accident. While it is true that in some instances the foster contacts may well be of short duration and quite transitory when compared to a lifelong blood relationship, in many other cases the foster parent and child may quickly develop an enduring love for one another equal to the deepest familial ties. The technical nomenclature ascribed to the relationship is not as important as the closeness of feelings between the participants. We have been unable to find any specific judicial definition of "foster parent" either in Words and Phrases or elsewhere in Penn-

sylvania case law. However, we find support for our interpretation of that concept in the words of Black's Law Dictionary (4th ed. 1951), as follows: "Foster parent. One who has performed the duties of a parent to the child of another by rearing the child as his own child . . ."

In a characteristic exercise of caution, such as can be expected when formulating new rules and guildelines for dealing with a common law right of recovery, the Supreme Court gave heavy emphasis in Sinn v. Burd to the requirement that plaintiff and victim must have been "closely related." The reason is obvious—without such a requirement the floodgates would have immediately opened for the filing of all sorts of complaints by persons not even remotely concerned with one another, except to the extent that they could envision a windfall recovery resulting from a happenstance observation of someone else's misfortune.

The original defendant here has very correctly identified the pivotal question as whether it was foreseeable that defendant's conduct might have caused the kind of emotional injuries complained of. Given the relationship of the parties pleaded in the counterclaim, we cannot, as a matter of law, rule that this case does not come within the purview of Sinn v. Burd, and defendant's demurrer must therefore be overruled.

## ORDER

And now, February 26, 1981, defendant's preliminary objections to the counterclaim of additional defendant Margaret Corsale are hereby dismissed, denied and overruled, with leave granted to defendant Martin J. Unger, III, to file an answer to the counterclaim within 20 days from the date hereof.