610 A.2d 50

**Anthony COVELLO, Appellant,**

v.

**WEIS MARKETS, INC., Piqua Engineering Company and Bud Etzler, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued April 30, 1992.

Filed June 24, 1992.

Richard J. Orloski, Allentown, for appellant.

Paul A. Barrett, Scranton, for Piqua Engineering, appellee.

William P. Leeson, Bethlehem, for Bud Etzler, Inc., appellee.

Kathleen J. Haynes, Harrisburg, for Weis Markets, appellee.

Before OLSZEWSKI, HUDOCK, and BROSKY, JJ.

OLSZEWSKI, Judge:

Appellant Anthony Covello appeals the order of the Court of Common Pleas of Northampton County, sustaining appellees' preliminary objections in the nature of a demurrer, and dismissing appellant's claim for negligent infliction of emotional distress. The issue on this appeal is whether appellant, a police officer, may successfully formulate a cause of action for negligent infliction of emotional distress, the cause of which was watching a young man unrelated to him die as a result of being crushed in an industrial trash compactor. For the following reasons, we find that he cannot state a cause of action for negligent infliction of emotional distress, and affirm the trial court's order dismissing his complaint.

Initially, we note that our standard of review of an order granting preliminary objections in the nature of a demurrer is:

All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true.... The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to

whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Neff v. Lasso,* 382 Pa.Super. 487, 490, 555 A.2d 1304, 1305 (1989) (citations omitted). In reviewing the grant of a demurrer we are not bound by the inferences drawn by the trial court nor are we bound by its conclusions of law. *Id.* Mindful of our standard of review, we proceed to the facts of this case.

Appellant Anthony Covello witnessed a seventeen-year-old boy being crushed to death by a trash compactor at the Weis Market in East Stroudsburg, on January 1, 1988. At that time, Covello was present at the scene in his capacity as an East Stroudsburg police officer, and was attempting to free the decedent from the compactor. Appellant alleges that as a result of witnessing the incident, he suffered severe shock, a nervous breakdown, essential hypertension, endanger damage, post-traumatic stress disorder, dysthymic disorder, and other severe and permanent physical and emotional injuries.

In his complaint, appellant alleges that Weis Market negligently caused his emotional distress because it failed to remove the defective and dangerous machine from its premises, and because it failed to adequately supervise and train the decedent in the correct operation of the compactor. Appellant claims that Weis Market's negligence resulted in the death of Michael Hucorne, and that witnessing such was the cause of appellant's emotional distress. (R. at 18a–23a.) Similarly, appellant alleges emotional distress caused by Piqua Engineering and Bud Etzler, Inc., as a result of their defective manufacture and negligent maintenance of the compactor. (R. at 24a–35a.) Appellant claims that his complaint clearly sets forth a cause of action under three theories: (1) the physical impact rule, (2) the zone of danger, and (3) the bystander rule. Appellees, on the other hand, allege that the order granting their preliminary objections was proper because appellant failed to state a cause of action for negligent infliction of emotional distress under any theory.

We find that in order to address the parties' arguments adequately, it is necessary to review the requirements of the physical impact rule, zone of danger rule, and the rule set forth in *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979) (the "bystander rule"),[1] as they relate to the tort of negligent infliction of emotional distress.

■ Under the physical impact rule, a plaintiff must plead and prove that he or she suffered a physical injury or impact as a result of nervous shock or emotional distress. *Cucinotti v. Ortmann*, 399 Pa. 26, 159 A.2d 216 (1960). This is no longer the law in Pennsylvania; appellant, therefore, cannot succeed on this theory. In 1970, our Supreme Court abandoned the strict physical impact requirement.

■ In *Niederman v. Brodsky*, 436 Pa. 401, 261 A.2d 84 (1970), our highest state court abandoned the requirement of a physical impact where the complainant was in personal danger of impact from a negligently created force. The Supreme Court thus established a cause of action for negligent infliction of emotional distress where the complainant's injury resulted from his or her reasonable fear of injury. This became known as the "zone of danger" rule under which appellant seeks recovery.[2] Appellant's efforts in this direction are misplaced, however, because he fails to satisfy the requirement that he actually and reasonably feared for his safety, as required by *Niederman, supra*. In that case, the Supreme Court held:

> the requirement of a physical impact [is abandoned] where the plaintiff was in personal danger of physical

1. In appellant's brief to this Court, the rule of *Sinn v. Burd* is referred to as the "bystander rule".

2. Appellant's amended complaint alleges that:
 17. At all times herein relevant, Plaintiff was within the zone of danger at being crushed or otherwise injured by the baling machine in that Plaintiff stood, climbed on, and leaned on the machine in an effort to rescue Michael D. Hucorne.
 18. Plaintiff stood with, spoke to, encouraged and calmed Michael D. Hucorne, while attempt[s] were made to release the victim from between the crushing baler ram and the safety guard and frame of the baler.
 Plaintiff's amended complaint at 3–4; R. at 19a–20a.

impact because of the direction of a negligent force against him and where plaintiff actually did fear the physical impact. Since appellant's complaint alleges that the negligent force was aimed at him and put him in personal danger of physical impact, and that he actually did fear the force, this case must proceed to trial.

*Niederman,* 436 Pa. at 413, 261 A.2d at 90. The fact pattern which prompted the Supreme Court's ruling in *Niederman,* illustrated in the segment cited above, is unlike the case at bar.

In the instant case, the trial court accepted as true all well-pleaded facts in appellant's brief, and failed to find that he could reasonably have feared for his safety. Appellant Covello, in his capacity as a police officer, arrived on the scene after the victim had become entrapped. Efforts were already underway to free the victim. (R. at 19a.) The negligent force, in the mechanism of the trash compactor, had already been set into motion and was accomplishing its damage, not upon appellant, but upon the victim. Appellant cannot succeed on the zone of danger theory.

 Appellant's third allegation of error is that the trial court erred by evaluating his claim only under what he refers to as the bystander rule. We disagree; our discussion above of the other two theories advanced by appellant makes plain that this theory is the only one applicable to the case at bar. The "bystander rule" was the theory set forth by the Pennsylvania Supreme Court in *Sinn v. Burd, supra.* In *Sinn,* the Court resolved the question whether to permit recovery for emotional distress by a complainant who, while outside the zone of danger, actually witnessed an accident causing serious injury to *a close relative.* The Court held that recovery was permissible, finding that the *Niederman* zone of danger rule was too narrow. The Court expressed the view that *Niederman* precluded recovery on the basis of mere proximity, when the event witnessed outside the zone of danger would produce the same emotional distress. *Sinn,* 486 Pa. at 167, 404 A.2d at 683. To guard against an enlargement of liability, however, the

Supreme Court found it necessary to expound limits, in the form of foreseeability requirements.

The Court set forth three factors which would determine whether the complainant's injury was reasonably foreseeable:

1. whether the complainant was situated near the scene of the accident as contrasted with one who was a distance away from it;

2. whether the complainant suffered shock as a result of witnessing the accident directly, as contrasted with one who learned about it from others after its occurrence;

3. whether the victim and the complainant were closely related, as contrasted with an absence of any relationship or a distant relationship.

*Sinn,* 486 Pa. at 170, 404 A.2d at 685 (citations omitted).

Contrary to appellant's allegation of error, the trial court used the proper theory to resolve appellant's claim for emotional distress damages. Appellant sustained no physical injury during this incident, nor was he found by the trial court to be reasonably in fear of actual injury (in the zone of danger) from the trash compactor. We find no trial court error for applying the correct theory to evaluate appellant's emotional distress claim. Our analysis does not end here, however, because appellant finds error in the trial court's legal interpretation of *Sinn.*

In his brief, appellant avers that *"Sinn v. Burd* merely replaced the requirement of observation *within* the zone of danger with an observation and foreseeability analysis." (Brief for appellant at 17, emphasis in original.) We emphatically disagree. The Supreme Court's pronouncement in *Sinn* was not a mere replacement of the *Niederman* zone of danger rule. The Supreme Court in *Sinn* was concerned that there would be no limit to the liability imposed when one individual witnessed another's injury; therefore, the foreseeability limitation was created, with the familial relationship defining the spectrum of permissible claims. Arguably, the *Sinn* analysis was designed to ferret out and disallow claims like appellant's, which do not in-

volve the type of familial relationship resulting in the trauma sought to be compensated by the *Sinn* Court.

Appellant's allegations of error are misguided. While we sympathize with appellant's distress at having witnessed such a gruesome accident, he cannot under these circumstances make out a cause of action for negligent infliction of emotional distress. Accordingly, the trial court's order sustaining appellees' demurrer was proper.

Order affirmed.