## Black v. Wehrer

C.P. of Washington County, no. 93-2684.

*David A. Rice,* for plaintiff.
*Edward A. Yurcon,* for defendant.

GILMORE, *J.,* February 14, 1995—This matter is before the court on preliminary objections. The defendant demurrs and moves to strike the plaintiff's allegations of, and request for damages for, the negligent infliction of emotional distress.

The case arises out of an automobile accident in which the plaintiff, Kevin Matthew Black, was the operator and his fiancee, Angel M. Brancheck, a passenger in his automobile. A collision occurred with the defendant, Erin B. Wehrer, as a result of which the plaintiff was injured and his fiancee was killed. Count II of the plaintiff's complaint is a claim for the negligent infliction of emotional distress because the plaintiff witnessed his fiancee's death.

In Pennsylvania the seminal case on the negligent infliction of emotional distress is *Sinn v. Burd,* 486 Pa. 146, 150-51, 404 A.2d 672, 674 (1979). *Sinn* and the line of cases which follow establish the following criteria in terms of foreseeability:

(1) Whether plaintiff was in the immediate vicinity of the accident as contrasted with one who was a distance away from it;

(2) Whether plaintiff's shock resulted from witnessing the accident directly as contrasted with one who learned about it secondhand;

(3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or a distant relationship.

Looking solely at the relationship standard, the boundaries are those in which only those closely and intimately related to the victim may recover. Casual acquaintances and strangers may not. *Covello v. Weis Markets Inc.,* 415 Pa. Super. 610, 610 A.2d 50 (1992). No Pennsylvania cases have yet extended the foreseeability analysis beyond close relatives by blood or marriage. The analysis, however, can be used in the instant case. The immediate vicinity and firsthand knowledge requirements are satisfied in that as plaintiff was the driver and Ms. Brancheck the passenger the physical distance separating them would be minimal. This would

satisfy the first two criteria. The court must then examine whether the holding in *Sinn, supra* should be extended to engaged couples.

Although an engaged couple does not have the rich depth and breadth of emotional experiences that a husband and wife have, we do not perceive the former relationship as being significantly different from that of the latter in regards to evaluating the severity of emotional trauma likely to be suffered by the observer of a serious accident.

While it is true that the state of being engaged presents its own particular proof problems, *i.e.* the seriousness of marital intent, the easiness with which such a non-permanent condition may be dissolved, and whether the parties had announced their intentions to the world or whether it was merely a promise between themselves, the court finds that the relationship itself is the gravamen, "[t]he technical nomenclature ascribed to the relationship is not as important as the closeness of feelings between the participants." *Kratzer v. Unger,* 17 D.&C.3d 771, 773 (1981). As the relationship itself is the crux of this debate, pre-trial discovery will provide ample opportunity to examine all extrinsic circumstances relating to the relationship.

As the *Kratzer* court noted, it is primarily a question of whether it was foreseeable that defendant's conduct might have caused the kind of emotional injuries for which plaintiff seeks relief. Given the relationship averred in plaintiff's complaint, we cannot, as a matter of law find that the instant matter is not within the parameters of *Sinn v. Burd.*

While there is a grave danger in overstretching an elastic cause of action, justice mandates that the plaintiff be given the opportunity of proving that he meets the *Sinn* requirements.

## ORDER

And now, February 14, 1994, defendant's preliminary objections to plaintiff's complaint are overruled and the claim for negligent infliction of emotional distress is permitted to move forward. Defendant is granted 20 days from the above date to file an answer to plaintiff's complaint.