**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-3952

ELIZABETH M. CASERTA,

Appellant

v.

GEICO GENERAL INSURANCE COMPANY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-11-cv-03537)
District Judge:  Honorable Mary A. McLaughlin

Submitted under Third Circuit LAR 34.1(a)
on September 11, 2012

Before:  SCIRICA, ROTH and BARRY, <u>Circuit Judges</u>

(Opinion filed: December 19, 2012)

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

Elizabeth Caserta appeals from the District Court's September 29, 2011, order granting defendant GEICO General Insurance Company's Motion for Judgment on the Pleadings. For the reasons that follow, we will affirm the order of the District Court.

## I. **Jurisdiction and Standard of Review**

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over a district court's grant of a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008); *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008) (noting that a district court's grant of judgment on the pleadings is reviewed *de novo*). "Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12(c) motion, we must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Rosenau*, 539 F.3d at 221 (*quoting Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)).

## II. **Background**

On June 14, 2011, Caserta filed a First Amended Complaint against GEICO for breach of contract and bad faith. It alleged the following facts:

Caserta and Edward Carcarey, her boyfriend, were walking along the shoulder of Route 422 in Lower Pottsgrove Township, Pennsylvania, on the night of September 21,

2007, when an unidentified car hit them both. The impact propelled Edward Carcarey through the air and into a gully below the highway, where he died of his injuries. Caserta suffered minor injuries and subsequent emotional distress.

At the time of the accident, Suzanne Carcarey, Edward Carcarey's mother, had an automobile insurance policy with GEICO that included uninsured motorist coverage. The relevant section of the policy defines "Insured" as:

> (a) you;
> (b) a household member;
> (c) any other person while occupying an owned auto;
> (d) any person who is entitled to recover damages because of bodily injury sustained by an insured under (a), (b), and (c) above.

Edward Carcarey, as a household member, was therefore an insured under his mother's policy.

Caserta gave GEICO notice that she was asserting a claim for her own injuries under subsection (d) of the policy, but GEICO refused to pay. Caserta then filed her complaint against GEICO. On July 6, 2011, GEICO moved for judgment on the pleadings. On September 29, the District Court granted the motion and entered judgment in favor of GEICO. Caserta appealed.

## III. Discussion

Substantive Pennsylvania law governs this diversity action. *State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710, 713 (3d Cir. 2000). While the Pennsylvania Supreme Court is the authoritative source for Pennsylvania law, we may consider intermediate state court decisions, as well as federal appeals and district court decisions interpreting

3

Pennsylvania law, when the Pennsylvania Supreme Court has not passed on an issue. *Id.*; *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 406 (3d Cir. 2000).

Caserta contends that her claim for negligent infliction of emotional distress is covered by the GEICO policy of Edward's mother, Suzanne Carcarey, because Caserta is "entitled to recover damages because of bodily injury sustained by an insured [Edward]." Caserta argues that because Edward Carcarey was an insured and was entitled to recover damages by reason of his bodily harm, she should be entitled to recover also by reason of of her injuries in the same event, including her emotional injury caused by witnessing Edward's death.

To establish a bystander claim for emotional injury under Pennsylvania law, a plaintiff must prove that (1) she was located near the scene of the accident or negligent act, (2) the shock she experienced was a direct result of the sensory and contemporaneous observance of the accident, and (3) she was closely related to the victim of the accident. *Schmidt v. Boardman Co.*, 11 A.3d 924, 949 (Pa. 2011); *Sinn v. Burd*, 404 A.2d 672, 685 (Pa. 1979). Only the third requirement is at issue here.[1]

Caserta argues that whether a boyfriend and girlfriend are "closely related" for purposes of a bystander claim is an issue of first impression in Pennsylvania and that "it is not inconceivable" that the Pennsylvania Supreme Court would include her relationship to Edward Carcarey within the definition of "closely related." The

---

[1] In this discussion of liability to by-standers for emotional injury, we are not deciding whether such a claim by Caserta is covered under the GEICO policy at issue here. It is simply because we find that there would be no by-stander liability in the situation here, that we do not go on to determine whether the policy would cover it in this instance.

4

Pennsylvania Supreme Court first expanded emotional injury liability to include bystanders in *Sinn v. Burd* and suggested in its opinion that only a parent, child, or spouse should be allowed to recover as a bystander. *Sinn*, 404 A.2d at 677 n.6; *see Blanyar v. Pagnotti Enters., Inc.*, 679 A.2d 790, 791 (Pa. Super. Ct. 1996) (noting that the *Sinn* Court suggested only the "victim's immediate family" were "closely related").

The Pennsylvania Supreme Court has not revisited the scope of the third requirement since *Sinn*, and lower Pennsylvania courts have been hesitant to expand the class of individuals who can recover for negligent infliction of emotional distress. *See Toney v. Chester Cnty. Hosp.*, 36 A.3d 83, 91 (Pa. 2011) (equally divided court) (noting that the Court must draw lines to "prevent unlimited liability to an unlimited number of plaintiffs, notwithstanding the commission of negligent acts"); *Armstrong v. Paoli Mem'l Hosp.*, 633 A.2d 605, 611 (Pa. Super. Ct. 1993) (noting that "Pennsylvania has consistently refused" to expand liability beyond "close family members" who actually witness the accident). The Pennsylvania Superior Courts have recognized as "closely related" only plaintiffs who were related to the victim by blood or marriage. *See e.g. Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 833 (Pa. Super. Ct. 1996) (finding that sisters were "closely related" under *Sinn*); *Krysmalski v. Tarasovich*, 622 A.2d 298 (Pa. Super. Ct. 1993) (allowing a mother to recover after witnessing injury to her children); *Neff v. Lasso*, 555 A.2d 1304 (Pa. Super. Ct. 1989) (allowing a wife to recover after witnessing injury to her husband); *see also Blanyar*, 679 A.2d 790 (finding that the plaintiff could not recover because he and the victim were only cousins).

5

Pennsylvania courts have not found a relationship like Caserta's – that between a boyfriend and girlfriend – to be "closely related" for purposes of a bystander claim. Caserta points to two trial-level courts that allowed a plaintiff who was not related to the victim by blood or marriage to recover. *See Black v. Wehrer*, 23 Pa. D. & C.4th 313 (Pa. Ct. Com. Pl. 1995) (allowing fiancé to recover for emotional distress caused by witnessing death of betrothed); *Kratzer v. Unger*, 17 Pa. D. & C.3d 771 (Pa. Ct. Com. Pl. 1981) (allowing foster parent to recover for emotional distress caused by witnessing death of foster child). However, these isolated decisions are not binding in Pennsylvania courts. Moreover, the cases cited by Caserta are distinguishable because her alleged relationship with Edward Carcarey does not rise to the same level of formality as an engagement or a foster parent-child relationship.

Our task, as a federal court sitting in diversity, is "to apply state law and not to form it." *Coviello*, 233 F.3d at 716 (3d Cir. 2000). For purposes of bystander liability under Pennsylvania law, Caserta is not "closely related" to Edward Carcarey, her boyfriend. As a result, we conclude that her claim fails as a matter of law, and she cannot recover under Suzanne Carcarey's GEICO policy.

Caserta also argues that because she suffered physical injury in this accident in which Edward Carcarey was an insured, she can recover for her emotional injury, *i.e.,* she herself has coverage as an "insured." This argument fails because, under the clear language of definitions (a), (b), and (c) of the policy, she is not an insured.

**IV. <u>Conclusion</u>**

For the foregoing reasons, we will affirm the judgment of the District Court.

6