BLD-180                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1468
_____

VALENTINE B ANDELA,
CANCER-AFRICA;
CANCER-AFRICA LLC

v.

THE AMERICAN ASSOCIATION
FOR CANCER RESEARCH

VALENTINE B. ANDELA,
d/b/a CANCER-AFRICA,
                    Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-02487)
District Judge:  Honorable John P. Fullam
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges

(Filed: July 26, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Valentine B. Andela appeals the District Court's order granting judgment on the pleadings to defendant The American Association for Cancer Research, and a subsequent order denying reconsideration. We have appellate jurisdiction under 28 U.S.C. § 1291. Because this appeal presents "no substantial question," we will summarily affirm the District Court's judgment. 3d Cir. IOP Ch. 10.6 and L.A.R. 27.4.

I.

In his amended complaint, Andela explained that he filed this pro se, in forma pauperis "action for actual damages, statutory damages, punitive damages, injunctive relief, attorney fees, and the cost of pursuing this action against the defendant for gross dereliction of duty; coercion, fraud and conspiracy to defraud; intentional infliction of emotional distress; violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a)[;] and[] violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2." Am. Compl. ¶ 1.

Andela, a self-described physician/scientist specializing in cancer research, challenges defendant's publication of a research paper in its journal *Cancer Research*. According to Andela, he collaborated with several individuals to prepare a paper on research that they had performed regarding the Epstein Barr Virus and lymphomas. Andela alleges that he was the primary author of the paper as originally conceived. However, in August 2007, "Dr[.] Andela's original manuscript on Epstein Barr Virus MicroRNAs was plagiarized, falsified and submitted [by Andela's former collaborators]

2

for publication to the journal *Cancer Research*." Am. Compl. ¶ 39. "With the complicity

of the editors of *Cancer Research*, the manuscript was accepted for publication," and the

"plagiarized and falsified manuscript was subsequently published in March of 2008." Id.

¶¶ 40, 41. Andela seeks to hold defendant liable under state and federal laws for

publishing the paper as submitted by his former collaborators. Further, he challenges

defendant's refusal to publish his "letter to the editor" critiquing the paper.

Defendant filed a motion for judgment on the pleadings after answering the

amended complaint. Andela filed a motion for summary judgment. The District Court

noted its lack of diversity jurisdiction,[1] and concluded that Andela's two claims under

federal law (the Lanham Act and the Sherman Act) must be dismissed. Because Andela

conceded that the Lanham Act does not reach "communicative products" such as books or

articles, the District Court dismissed that claim. The District Court held that the Sherman

Act claims fail because Andela did not define the relevant market or describe the

attempted monopolization. Moreover, the District Court concluded that Andela lacks

standing under the antitrust laws because those laws aim to protect competition, not

competitors, and the alleged injury is personal to Andela and not of the type that the

antitrust laws were intended to redress. The District Court thus granted judgment on the

pleadings, dismissed the two federal claims with prejudice, and dismissed the remaining

claims under state law without prejudice. After the District Court denied Andela's timely

---

[1] Andela and defendant are allegedly Pennsylvania citizens.

3

filed motion for reconsideration, Andela timely filed this appeal.

## II.

Our review is plenary of a decision to grant a motion for judgment on the pleadings. Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). "'Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12(c) motion, we must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.'" Id. (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)). We review the denial of a motion for reconsideration for abuse of discretion. Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

After a careful review of the record, we discern no error in the District Court's analysis.[2] Andela conceded before the District Court that the Lanham Act claim must fail because the Lanham Act does not apply to communicative products. See Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 36-37 (2003).[3] In his response to the

_____

[2] As a preliminary matter, insofar as Andela has appealed on behalf of the entity referenced in the caption as "Cancer-Africa," Andela has not shown that he is authorized to represent that entity in this Court. See Simbraw, Inc. v. United States, 367 F.2d 373, 374-75 (3d Cir. 1966). Consequently, the appeal is dismissed as to Cancer-Africa.

[3] Although Andela asked the District Court to construe his Lanham Act claim as a "defamation claim," the District Court did not err in holding that it "need not reach that issue." Given Andela's failure to state a viable claim for relief under federal law, the District Court acted within its discretion in dismissing all supplemental state law claims, including any proposed defamation claim, without prejudice. See 28 U.S.C.

4

submission of this appeal for possible summary disposition, Andela focuses solely upon his Sherman Act claims. He argues that defendant engaged in antitrust activity by "conspiring in the unreasonable restraint of [Andela]'s market activity," and by entering into an alleged conspiracy to conduct a "sham peer review" of the published paper.

"A plaintiff asserting a Section 1 claim ... must allege four elements: (1) concerted action by the defendants; (2) that produced anti-competitive effects within the relevant product and geographic markets; (3) that the concerted actions were illegal; and (4) that it was injured as a proximate result of the concerted action." Howard Hess Dental Labs. v. Dentsply Int'l, – F.3d –, 2010 U.S. App. LEXIS 7894, at *30 (3d Cir. Apr. 16, 2010) (quotation marks omitted); see also Rossi v. Standard Roofing, Inc., 156 F.3d 452, 464 (3d Cir. 1998) (plaintiff has burden to show "adverse, anti-competitive effects within the relevant product and geographic markets"). Here, Andela failed, inter alia, to define the relevant market. His allegation that "[t]he relevant geographic marketplace is the world," Am. Compl. ¶ 90, is insufficient. See, e.g., Queen City Pizza v. Domino's Pizza, 124 F.3d 430, 436 (3d Cir. 1997) ("Where the plaintiff fails to define its proposed relevant market with reference to the rule of reasonable interchangeability and cross-elasticity of demand, or alleges a proposed relevant market that clearly does not encompass all interchangeable substitute products even when all factual inferences are granted in plaintiff's favor, the relevant market is legally insufficient and a motion to dismiss may be

§ 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

5

granted.").[4]

To state a claim for attempted monopolization under § 2 of the Sherman Act, "a plaintiff must allege (1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." Crossroads Cogeneration Corp. v. Orange & Rockland Utils., 159 F.3d 129, 141 (3d Cir. 1998) (quotation marks omitted). The District Court was correct that Andela fails to state a claim under § 2. Andela suggests that defendant attempted to exclude the entire continent of Africa from the worldwide market for the investigation of the causes and treatment of cancer. Among other shortcomings, Andela has not "allege[d] facts sufficient to raise a right to relief above the speculative level." Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 317 (3d Cir. 2007); see also id. ("[I]n the context of a § 2 claim for attempted monopolization, ... a complaint must allege something more than mere market share, such as the strength of competition, probable development of the industry, the barriers to entry, the nature of the anticompetitive conduct, and the elasticity of consumer demand.") (quotation marks omitted).

Moreover, to show a cognizable antitrust injury, "plaintiff must prove that it

---

[4] Andela maintains that the relevant market and product are the "worldwide market for the investigation of the causes and treatment of cancer." Andela does not, however, adequately define this purported market or product. Moreover, his allegations do not raise any reasonable inference at all that defendant's alleged actions "produced anti-competitive effects" within the purported market. Howard Hess Dental Labs., 2010 U.S. App. LEXIS 7894, at *30.

6

suffered an injury that (1) is of the type the antitrust laws were intended to prevent and (2) flows from that which makes defendants' acts unlawful." Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 349 (1990) (quotation marks omitted). The District Court was correct that Andela's alleged injury from publication of the paper and the refusal to publish his letter to the editor is personal to him and not of the type the antitrust laws were intended to redress. See Barton & Pittinos, Inc. v. SmithKline Beecham Corp., 118 F.3d 178, 181 (3d Cir. 1997) (discussing standing under antitrust laws).[5]

Andela argues that the District Court erred by failing to construe his state law fraud and conspiracy claims to assert claims under federal law, primarily a RICO claim. While a court generally must construe a pro se complaint liberally, see, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the District Court did not err in refusing to address legal theories that Andela failed to plead in his amended complaint. Although proceeding pro se, Andela, a doctor, exhibited more than enough knowledge of the law to expect that he would follow the Federal Rules of Civil Procedure and file a motion for

---

[5] Andela's reliance upon Angelico v. Lehigh Valley Hospital, 184 F.3d 268 (3d Cir. 1999), is misplaced. In Angelico, a cardiothoracic surgeon sued three hospitals and two practice groups under §§ 1 and 2 of the Sherman Act, alleging that they conspired to eliminate him as a competitor, engaged in exclusive dealing and a group boycott, and controlled a monopoly share of the market. This Court held that the doctor had standing to raise his claims because, inter alia, "the injury he suffered, when shut out of competition for anticompetitive reasons, is indeed among those the antitrust laws were designed to prevent." Id. at 274. Here, Andela is not in competition with defendant, and there is simply no reasonable inference to be drawn from the allegations that defendant sought to exclude Andela from competition in a relevant marketplace.

leave to amend if he wished to add new claims to the suit. The District Court was not obligated to draft a second amended complaint for Andela, and we cannot conclude that it erred in failing to refashion Andela's legal theories. In addition, even if the District Court had construed Andela's amended complaint as raising a RICO claim, it is clear that his allegations fail to state a viable claim for relief.[6]

As noted, the District Court dismissed the Lanham Act and Sherman Act claims with prejudice. This Court has held that, when a complaint is vulnerable to dismissal on the pleadings, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). While the District Court did not afford Andela leave to amend, it is clear that amendment would be futile. Andela effectively conceded that the Lanham Act claim could not be cured through amendment, and he nowhere indicated in his various pleadings, including his motion for summary judgment and motion for reconsideration, that he could provide additional factual support for the Sherman Act claims. We are satisfied on the record here that leave to amend the federal claims was not required.

Finally, the District Court did not abuse its discretion in denying reconsideration.

---

[6] A RICO claim under 18 U.S.C. § 1962(c) has four elements: "(1) the existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that the defendant participated through a pattern of racketeering activity that included at least two racketeering acts." Annulli v. Panikkar, 200 F.3d 189, 198 (3d Cir. 1999). Among other things, Andela fails to allege a pattern of racketeering activity.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [dispositive] motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677. We agree with defendant that Andela's reconsideration motion essentially reargued matters that were previously raised and considered, and as such was properly denied. Further, inasmuch as Andela claimed to have "new evidence" that he wished to present, he did not rely upon evidence that was unavailable to him prior to entry of the District Court's judgment. See Howard Hess Dental Labs., 2010 U.S. App. LEXIS 7894, at *27 (explaining that "new evidence" in the reconsideration context refers solely to "evidence that a party could not earlier submit to the court because that evidence was not previously available").

III.

For these reasons, we will affirm the District Court's order.[7]

---

[7] Andela's request for an order "awarding all costs and damages associated with this appeal" is denied.