

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2008

# Rosenau v. Unifund Corp

Precedential or Non-Precedential: Precedential

Docket No. 07-3019

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Rosenau v. Unifund Corp" (2008). *2008 Decisions.* Paper 580.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/580

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3019

_____

RICHARD ROSENAU,
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED

v.

UNIFUND CORP.
a/k/a UNIFUND GROUP CORP.;
UNIFUND CCR PARTNERS

Richard Rosenau,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cv-01355)
District Judge:  Honorable Cynthia M. Rufe

_____

Argued June 30, 2008

Before:  RENDELL, SMITH and FISHER, *Circuit Judges*.

(Filed: August 20, 2008)

Cary L. Flitter (Argued)
Lundy, Flitter, Beldecos & Berger
450 North Narberth Avenue
Narberth, PA  19072-1898
        *Attorney for Appellant*

Richard J. Perr (Argued)
Fineman, Krekstein & Harris
1735 Market Street
Mellon Bank Center, Suite 600
Philadelphia, PA  19103
        *Attorney for Appellees*

OPINION OF THE COURT

FISHER, *Circuit Judge*.

Richard Rosenau claims that a debt-collection letter he received from Unifund Corporation and/or Unifund CCR Partners ("Unifund") was deceptive under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.  The District Court granted Unifund's motion for judgment on the pleadings.  Rosenau appeals, arguing that the letter was deceptive because (1) it implied that it came from an attorney and (2) it stated that it came from the "Legal Department."  For the reasons that follow, we will reverse the District Court's order and remand.

2

I.

Unifund purchases old consumer debt. It buys the debt from credit card companies in the form of data files that contain information on thousands of consumer accounts. Unifund's proprietary software then runs queries to determine which accounts Unifund will pursue for collection and which it will resell. Once the system has flagged the accounts that will be collected, another automated process generates letters that are mailed to consumers to begin the collection efforts. Unifund mails about 2,000 of these collection letters each day.

On January 9, 2006, Unifund sent a collection letter to Richard Rosenau. The letter demanded payment on a Citibank credit card account that had a balance of over $12,000. It stated:

> "If we are unable to resolve this issue within 35 days we may refer this matter to an attorney in your area for legal consideration. If suit is filed and if judgment is rendered against you, we will collect payment utilizing all methods legally available to us, subject to your rights below . . . . This communication is from a debt collector. This is an attempt to collect a debt . . . ."

In place of a signature, the bottom of the letter read:

> "Unifund
> Legal Department"

Unifund's Vice President of Legal Operations supervises the Legal Department's six employees. Neither the Vice President nor the Legal Department employees are lawyers. The Legal Department maintains a network of contract attorneys throughout the United States to whom it forwards claims for litigation. Four of the six Legal Department employees are Legal Liaisons who (1) place accounts with attorneys in the network, (2) handle daily disputes, (3) provide documents for litigation, and (4) act as witnesses when necessary. The remaining two Legal Department employees are a project coordinator and an administrative assistant.

The Vice President of Legal Operations manages the flow of letters out of the office. According to his deposition testimony, his function is akin to controlling a "spigot." No one reviews the consumers' files before the letters are mailed.

Unifund employs a small number of attorneys. Three attorney-employees handle "internal litigation," that is, litigation against consumers in certain states where Unifund does not use contract attorneys. In addition, Unifund employs an attorney as General Counsel. None of these attorneys work in the Legal Department.

Rosenau filed a class complaint against Unifund in the United States District Court for the Eastern District of Pennsylvania. He alleged that Unifund violated the FDCPA by sending him a letter that falsely created the impression that it was reviewed or sent by a Legal Department, as he defines that term, or by a lawyer. The parties engaged in discovery. Unifund then filed a motion for judgment on the pleadings, or in

the alternative, for summary judgment. At the same time, Rosenau filed a motion for class certification.

The District Court granted Unifund's motion for judgment on the pleadings and dismissed Rosenau's complaint. *Rosenau v. Unifund Corp.*, No. 06-01355, 2007 WL 1892888, at *1 (E.D. Pa. 2007).[1] The Court stated that it "need not treat Unifund's Motion as one for summary judgment" because "judgment on the pleadings [was] appropriate." *Id.* at *2. The Court concluded that the letter was not deceptive and that it would be "bizarre or idiosyncratic" to infer that it came from an attorney. *Id.* at *3.

For the sake of completeness, the Court also ruled on Rosenau's motion for class certification. *Id.* at *3-5. The Court concluded that Rosenau satisfied the requirements for class certification, but dismissed the motion nonetheless because of its dismissal of the complaint. *Id.* at *5. Rosenau filed this timely appeal.

II.

---

[1]In its Memorandum Opinion, the District Court initially stated that it would "grant [Unifund's] Motion for Summary Judgment." *Rosenau v. Unifund Corp.*, No. 06-01355, 2007 WL 1892888, at *1 (E.D. Pa. 2007). The subsequent text of the opinion and order clarifies that the Court actually intended to, and did, grant the motion for judgment on the pleadings instead. *Id.* at *2, *5.

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). We have jurisdiction under 29 U.S.C. § 1291. We have explained our standard of review as follows:

> "Our standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is plenary. Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12(c) motion, we must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."

*Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988) (internal quotation marks and citations omitted).

## A.

In 1977, Congress enacted the FDCPA, 15 U.S.C. §§ 1692-1692p, to address abusive debt collection practices. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). It is a remedial statute that we "construe . . . broadly, so as to effect its purpose." *Id.* The FDCPA prohibits the use of deception in the debt-collection process:

> "A debt collector may not use any false, deceptive, or misleading representation or means

6

> in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney . . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

15 U.S.C. § 1692e.

"[L]ender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor." *Brown*, 464 F.3d at 454. This standard is lower than the standard of a reasonable debtor. *Wilson v. Quadramed*, 225 F.3d 350, 354 (3d Cir. 2000). "[A] communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Brown*, 464 F.3d at 454. We use the "least sophisticated debtor" standard in order to effectuate "the basic purpose of the FDCPA: . . . to protect 'all consumers, the gullible as well as the shrewd' . . . ." *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

Although the "least sophisticated debtor" standard is a low standard, it "'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding

7

and willingness to read with care.'" *Quadramed*, 225 F.3d at 354-55 (quoting *Clomon*, 988 F.2d at 1319).

B.

Rosenau argues that Unifund's debt collection letter violates 15 U.S.C. § 1692e(3) because it is likely to lead the least sophisticated debtor to believe that it came from an attorney. Unifund responds that the letter is not deceptive because it is not from a law firm and is not signed by an attorney. The District Court agreed with Unifund's position. However, the District Court's reading of the letter is unconvincing in light of the procedural posture of this case and the least sophisticated debtor standard.

There are no precedential Third Circuit opinions that discuss the legality of a debt-collection letter under § 1692e(3). The narrower question in this case, whether a letter from a Legal Department that employs no lawyers is misleading under § 1692e(3), appears to be an issue of first impression in the federal courts of appeals. To determine whether the District Court properly granted judgment on the pleadings in Unifund's favor, we look to our opinions that discuss collection letters that were alleged to violate other subsections of the FDCPA.

"A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown*, 464 F.3d at 455 (internal quotation marks and citation omitted). In *Quadramed*, we concluded that a collection letter was not deceptive under 15

8

U.S.C. § 1692g.[2] 225 F.3d at 351-52. The letter began: "Our client has placed your account with us for immediate collection. We shall afford you the opportunity to pay this bill immediately and avoid further action against you." *Id.* at 352. A few paragraphs later, the letter provided the debt-validation notice required by § 1692g: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." *Id.*

We determined that the opening paragraphs of the letter did not "overshadow[] or contradict[] the validation notice such that the 'least sophisticated debtor' would be confused . . . [about] his rights." *Id.* at 353. The letter presented the debtor with the option to "(1) . . . pay the debt immediately and avoid further action, or (2) notify [the collection agency] within thirty days . . . that he disputes the validity of the debt." *Id.* at 356. The letter did not "emphasize one option over the other" or encourage the debtor to waive his right to contest the debt. *Id.* Thus, the letter could not be reasonably read to have two or

---

[2] 15 U.S.C. § 1692g(a) requires the debt collector to notify the consumer in writing "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector . . . . [I]f the consumer notifies the debt collector in writing within the thirty-day period that the debt . . . is disputed, the debt collector will obtain verification of the debt . . . and a copy of such verification . . . will be mailed to the consumer by the debt collector."

more different meanings and it was not deceptive under 15 U.S.C. § 1692g.  *Id.*

In *Brown*, on the other hand, we ruled that the debtor had stated a claim under § 1692e(5)[3] and that the District Court had therefore incorrectly dismissed her suit.  464 F.3d at 451.  The letter in question stated:

> "You are requested to contact the Recovery Unit of the Card Service Center . . . to discuss your account.  Refusal to cooperate could result in a legal suit being filed for collection of the account.  You now have five (5) days to make arrangements for payment of this account.  Failure on your part to cooperate could result in our forwarding this account to our attorney with directions to continue collection efforts."

*Id.* at 451-52.  We concluded that "it would be deceptive under the FDCPA for [the collection agency] to assert that it *could* take an action that it had no intention of taking and has never or very rarely taken before."  *Id.* at 455.  We explained:

> "Upon reading the . . . [l]etter, the least sophisticated debtor might get the impression that litigation or referral to a . . . lawyer would be imminent if he or she did not respond within five

---

[3]15 U.S.C. § 1692e(5) prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

10

days. We . . . conclude that further proceedings are warranted to determine if such a reading is 'reasonable' in light of the facts of this case . . . . If Brown can prove, after discovery[,] that [the collection agency] seldom litigated or referred debts such as Brown's . . . to an attorney, a jury could conclude that the . . . [l]etter was deceptive or misleading vis-à-vis the least sophisticated debtor."

*Id.*

In light of our precedent, the issue in this case is whether under the least sophisticated debtor standard, Unifund's letter to Rosenau "can be reasonably read to have two different meanings, one of which is inaccurate." *Quadramed*, 225 F.3d at 354. Rosenau maintains that the letter can be reasonably read to have come from an attorney, even though an attorney did not send it, and that it therefore violates § 1692e(3).

The question that this claim turns upon is how the least sophisticated debtor would interpret the fact that the letter came from Unifund's Legal Department. Contrary to the District Court's determination, it is possible that a debtor receiving a collection letter from Unifund could reasonably infer that the Legal Department contains attorneys who played a role in writing or sending the letter. Thus, Unifund has not "clearly establishe[d] that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Jablonski*, 863 F.2d at 290.

11

The District Court stated that because the letter notes, "This communication is from a debt collector," even the least sophisticated consumer could not reasonably conclude that it was sent by an attorney. *Rosenau*, 2007 WL 1892888, at *3. Both common sense and case law confirm, however, that the categories of "debt collector" and "attorney" are not mutually exclusive. The Supreme Court has determined that "the term 'debt collector' in the [FDCPA] applies to a lawyer who 'regularly,' *through litigation*, tries to collect consumer debts." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). Moreover, the statement that the letter "is from a debt collector" is a statutorily-required notification, 15 U.S.C. § 1692e(11), that should not be viewed as nullifying any implication that the letter is from an attorney.

The District Court also stated that the letter could not reasonably be interpreted to be from an attorney because it says that Unifund "may refer this matter to an attorney in your area for legal consideration." *Rosenau*, 2007 WL 1892888, at *3. The District Court seemed to believe that a future referral to a lawyer and the current involvement of a lawyer are incompatible. They are not. Lawyers commonly refer cases to other lawyers who practice where particular debtors are located, and the sentence could reasonably be understood to mean that the lawyer who sent the letter plans to enlist the help of local counsel in order to move the matter forward. Read in this fashion, the sentence would not dispel any impression that the letter was sent by a lawyer employed in Unifund's Legal Department.

12

Unifund argues that the letter to Rosenau did not state or imply that it was from an attorney because it was not signed by an attorney, was not on law firm letterhead, and used language routinely used by debt collectors. In other words, Unifund argues that using the term "Legal Department" is not equivalent to using the letterhead or signature of an attorney.

Unifund is correct. However, the statute forbids "[t]he false representation or implication that . . . any communication is from an attorney." 15 U.S.C. § 1692e(3). Therefore, a debt-collection letter can be deceptive under the FDCPA even if it only implies that it is from an attorney. It is possible that the phrase "Legal Department" could imply to the least sophisticated debtor that a lawyer was involved in drafting or sending the letter.

In concluding that judgment on the pleadings was appropriate, the District Court invoked the reasoning of three cases from the Eastern District of New York. *Rosenau*, 2007 WL 1892888, at *3 n.26. Unifund argues that the logic of these cases is persuasive. However, the cases are factually inapposite, since they deal with collection letters sent on law firm letterhead or signed by attorneys. In addition, we find their logic unpersuasive. *See Tromba v. M.R.S. Assocs.*, 323 F. Supp. 2d 424, 428 (E.D.N.Y. 2004) (noting that the Court "harbor[ed] grave doubts" as to whether the title "Senior Legal Associate" would allow even the least sophisticated consumer to conclude that a fax came from an attorney); *Rumpler v. Phillips & Cohen Assocs.*, 219 F. Supp. 2d 251, 257 (E.D.N.Y. 2002) (holding that the least sophisticated consumer could not conclude that a letter signed "Adam S. Cohen, Esq., Executive Vice President" came

13

from an attorney); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 341-42 (E.D.N.Y. 2002) (stating that a letter sent on law firm letterhead did not give the impression that it came from a law firm). Our application of the least sophisticated debtor standard is not compatible with the approach employed by the Eastern District of New York in these cases, so the District Court erred to the extent that it concluded that these cases provided support for its grant of summary judgment.

We conclude that as in *Brown*, "the facts pled . . . , if proven, state a claim upon which a court might grant relief." 464 F.3d at 456. Therefore, we will remand for further proceedings.

## C.

Second, Rosenau argues that Unifund's letter is deceptive under § 1692e(10). This subsection is a catchall-type provision prohibiting "[t]he use of any false representation or deceptive means to collect . . . any debt." Rosenau claims that it was deceptive to indicate that the letter came from the Legal Department because Unifund does not have any such department – only a collections department that is staffed by non-attorney Legal Liaisons.[4]

_____

[4]It is not necessary for Rosenau to denominate this argument as a 15 U.S.C. § 1692e(10) claim, because § 1692e as a whole prohibits the use of deceptive means to collect debt. The introductory sentence of § 1692e states: "A debt collector may not use any false, deceptive, or misleading representation

14

The District Court correctly determined that this argument lacks merit. Rosenau assumes that there is an objective standard by which we can measure whether a particular corporate department is a "Legal Department," but this is not so. Different legal departments have different functions and emphases. The fact that Unifund's Legal Department consists of non-lawyer Legal Liaisons who coordinate the activities of contract attorneys does not make the title "Legal Department" inaccurate.

Rosenau claims that his § 1692e(10) argument is supported by the Federal Trade Commission's ("FTC's") Official Staff Commentary, which states: "A debt collector may not send a collection letter from a 'Pre-Legal Department,' where no legal department exists." Statements of General Policy or Interpretation: Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02 (December 13, 1988), at 50105.

We have determined that "the FTC's advisory opinions are not entitled to deference in FDCPA cases except perhaps to the extent that their logic is persuasive." *Dutton v. Wolpoff & Abramson*, 5 F.3d 649, 654 (3d Cir. 1993). The FTC Commentary is not persuasive in this case because it is factually inapposite. The Commentary essentially states that debt collection letters may not be sent out under the aegis of fictitious

---

or means in connection with the collection of any debt." Nevertheless, we follow Rosenau's lead in referring to this argument as his § 1692e(10) claim because the label differentiates it from his first argument under § 1692e(3).

15

and threatening-sounding corporate departments, such as a "Pre-Legal Department." Unifund's Legal Department is not fictitious. Therefore, the Commentary provides no guidance on the factual situation presented here.

We do agree with Rosenau on one procedural point relating to his § 1692e(10) claim: the factual question of whether Unifund has a Legal Department is inappropriate for resolution on a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. The District Court stated that it was confining its ruling to the pleadings, *Rosenau*, 2007 WL 1892888, at \*2, but in order to dispose of Rosenau's claim, it is necessary to examine documents outside of the pleadings. It is the deposition transcripts and other discovery materials, not solely the pleadings, that show that Unifund has a Legal Department, thus rendering the § 1692e(10) claim meritless. On remand, the District Court should therefore consider Unifund's motion as a Fed. R. Civ. P. 56 motion, which permits examination of documents outside the pleadings. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *see also Fagin v. Gilmartin*, 432 F.3d 276, 284-85 (3d Cir. 2005) (confronting a similar situation in the context of a Rule 12(b)(6) motion). We leave it to the District Court to determine whether both parties have had the opportunity to present all material that is pertinent to a Rule 56 motion. *See id.* at 285.

## III.

For the foregoing reasons, we will reverse the District Court's grant of judgment on the pleadings in favor of Unifund. We will remand for proceedings consistent with this opinion.