**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1096
_____

MARISSIA ESTABROOK,
                                        Appellant

v.

SAFETY AND ECOLOGY CORPORATION
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 2-12-cv-00576)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Argued:  January 16, 2014
_____

Before: RENDELL, ROTH and BARRY, <u>Circuit Judges</u>

(Filed: February 25, 2014)
_____

John A. Beranbaum, Esq. (Argued)
Beranbaum, Menken, Benasher & Bierman
80 Pine Street
33rd Floor
New York, NY 10005
        *Counsel for Appellant*

David Harvey, Esq. (Argued)
Steven H. Trent, Esq.
Baker, Donelson, Bearman & Caldwell
100 MedTech Parkway

Suite 200
Johnson City, TN 37602-0000

Patrick T. Collins, Esq.
Annmarie Simeone, Esq.
Norris, McLaughlin & Marcus
721 Route 202-206
Suite 200
Bridgewater, NJ 08807
        *Counsel for Appellee*

_____

OPINION

_____

BARRY, <u>Circuit Judge</u>

Appellant Marissia Estabrook appeals the District Court's decision granting

Appellee Safety and Ecology Corporation's ("SEC") motion for judgment on the

pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Estabrook argues that the

Court erred in dismissing her claims against SEC, her former employer, for sexual

harassment, retaliatory harassment, and retaliation, because the Court failed to accept as

true the factual allegations in her complaint and applied an overly stringent pleading

standard.  We will vacate the Order of the District Court and remand for further

proceedings.

I.      **Background**

On January 31, 2012, Estabrook filed a 14-page, 87-paragraph complaint against

SEC alleging sexual harassment, retaliatory harassment, racial discrimination,[1] and unlawful retaliation, all in violation of New Jersey's Law Against Discrimination (the "NJLAD"), N.J. STAT. ANN. § 10:5-12. Estabrook alleged that she was sexually harassed by her co-worker, Marcus Chase, and, later, subjected to non-sexual harassment by Chase and other co-workers in retaliation for having made a complaint against Chase. In the most serious allegation of retaliatory harassment, Estabrook, who worked as a chemist performing scientific experiments at SEC, alleged that her co-workers falsely accused her, or knew who had falsely accused her, of having tampered with experiments in potential violation of federal law. As a result of these accusations, Estabrook alleged, SEC suspended, demoted, and constructively discharged her.

In her Complaint, Estabrook alleged that SEC was responsible for Chase's sexual harassment, in part because it was on notice that Chase had harassed other female employees in the past and failed to take any action to stop it. Specifically, Estabrook pleaded "upon information and belief" that, prior to when Chase sexually harassed her in 2011, he had sexually harassed her co-worker Felicia Santory, as well as "a woman named Gail who worked in Payroll" and "a woman named Patricia, who is African-American." (App. at 22 ¶ 22.) Estabrook alleged "upon information and belief" that both Gail and Patricia had complained to SEC management about the harassment and that SEC failed to take corrective or disciplinary action against Chase. Estabrook also alleged that after Patricia complained about Chase, he "made her life so miserable" that she

---

[1] Estabrook withdrew her racial discrimination claim prior to the District Court's decision.

3

resigned.  (Id. at 23 ¶ 27.)

On December 28, 2012, the District Court granted SEC's motion to dismiss pursuant to Rule 12(c).  The Court concluded that Estabrook's sexual harassment claim failed because she "fail[ed] to allege dates or times on which alleged harassment of other woman [sic] employed by SEC occurred," and "provide[d] no facts to support her conclusion that SEC was in fact aware of such incidents or that these incidents were reported to SEC management before [Estabrook] made her report of harassment."  (App. at 8.)  The Court also dismissed Estabrook's retaliatory harassment claim, stating that "other than noting the close proximity between the report and the actions of her co-workers, [Estabrook] has not demonstrated that she suffered intentional discrimination due to her report of harassment," and that she failed to allege that the acts of retaliatory harassment were severe and pervasive.  (Id. at 11, 12.)  Finally, the Court determined that Estabrook failed to present evidence "beyond mere assertions" to support a prima facie case of unlawful retaliation.  (Id. at 10.)  The Court held that Estabrook failed to plead facts to demonstrate that the adverse employment actions taken by SEC were "undertaken in an effort to retaliate for the report."  (Id. at 11.)

## II.     Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291.  Our standard of review is plenary.  Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008).  "In reviewing the grant of a Rule 12(c) motion, we must view the facts presented in the pleadings and the inferences to be drawn

4

therefrom in the light most favorable to the nonmoving party." Id. (quoting Jablonski v. Pan. Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).

## III.    Analysis

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Given the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56 (2007), "detailed factual allegations" are not required, but there must be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." We have stated that "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). The Supreme Court explained in Ashcroft v. Iqbal, 556 U.S. 662, 678, 679 (2009), that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and observed that "[d]etermining whether a complaint states a plausible claim to relief will . . . . be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense."

5

## A.     Sexual Harassment

Under the NJLAD, "a plaintiff states a cause of action for hostile work environment sexual harassment when he or she alleges discriminatory conduct that a reasonable person of the same sex in the plaintiff's position would consider sufficiently severe or pervasive to alter the conditions of employment and to create an intimidating, hostile, or offensive working environment." Lehmann v. Toys R Us, Inc., 132 N.J. 587, 591 (N.J. 1993). Employer liability in this context is governed by principles of agency, and, accordingly, an employer may be liable for its own negligence with respect to a hostile work environment. Id. at 619, 621-22; see Bouton v. BMW of N. Am., Inc., 29 F.3d 103, 106-07 (3d Cir. 1994). For example, an employer may be held liable if "plaintiff can show that an employer had actual knowledge of the harassment and did not promptly and effectively act to stop it," Lehmann, 132 N.J. at 622, or if it failed to have in place "well-publicized and enforced anti-harassment policies, effective formal and informal complaint structures, training, and/or monitoring mechanisms." Id. at 621. "[E]mployers do have a duty to take effective measures to stop co-employee harassment when the employer knows or has reason to know that such harassment is part of a pattern of harassment that is taking place in the workplace." Blakey v. Cont'l Airlines, Inc., 164 N.J. 38, 62 (N.J. 2000).

For purposes of its motion, SEC challenged only Estabrook's basis for employer liability. The District Court recognized that SEC could be liable on the theory that, prior to Estabrook's complaint regarding Chase, SEC had knowledge that Chase had harassed

other female employees and failed to take adequate steps to stop the harassment; however, the Court erroneously concluded that Estabrook failed to plead sufficient facts to support her claim. The Court based its dismissal of Estabrook's claim on her failure to allege "dates or times on which alleged harassment of other wom[e]n employed by SEC occurred" and failure to plead specific facts to support her allegation that SEC was aware of these incidents. (See App. at 8.) This level of specificity, however, is not required under Rule 8 and the standards set forth by the Supreme Court in Iqbal and Twombly.

Here, Estabrook presented more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." See Iqbal, 556 U.S. at 678. She presented specific names and factual allegations; she did not merely allege generally that Chase had harassed female employees in the past. The allegations regarding Ms. Santory, "Gail," and "Patricia," and Gail and Patricia's reports of harassment to SEC, are "factual allegations that state a plausible ground for relief," not mere legal conclusions. See Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). In addition, Estabrook pleaded other specific facts to suggest that Chase had a history of harassing other employees and that SEC management was aware of this, including the fact that Estabrook's supervisor had stated that she could not understand why upper management had not done anything about Chase, and another manager's statement that Chase's conduct was "part of his culture" (App. at 25 ¶¶ 44, 46). Because the Complaint satisfied the pleading requirements of Rule 8 under Twombly, Iqbal, and subsequent decisions of

7

our Court, we will vacate the District Court's dismissal of Estabrook's sexual harassment claim.

**B.      Retaliatory Harassment**

Just as with a sexual harassment claim, to succeed on a claim that retaliatory harassment created a hostile work environment in violation of the NJLAD, a plaintiff must allege (1) that the conduct "would not have occurred but for the employee's protected status," and (2) that the conduct was "severe or pervasive enough to make (3) a reasonable person believe that (4) the conditions of employment have been altered and that the working environment is hostile or abusive." Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 24 (N.J. 2002). Contrary to the District Court's statement that "[t]o successfully allege" this claim, a plaintiff "must prove" these elements, a complaint need only set forth factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. Because Estabrook's Complaint set forth sufficient factual allegations with respect to each of these elements, as well as with respect to employer liability, the Court erred in dismissing her retaliatory harassment claim.

First, Estabrook adequately pleaded that the conduct she complains of would not have occurred had she not made a complaint against Chase. In determining whether a plaintiff has produced prima facie evidence of causation, courts "have generally focused on two indicia:  timing and evidence of ongoing antagonism." Hargrave v. Cnty. of

8

Atlantic, 262 F. Supp. 2d 393, 424 (D.N.J. 2003). Here, the District Court itself observed that Estabrook pleaded a "close proximity between the report and the actions of her co-workers" (App. at 12), and these allegations, together with her allegations of ongoing antagonism, provide "enough factual matter (taken as true)" to suggest a right to relief. See Twombly, 550 U.S. at 556; Rogers v. Alt. Res. Corp., 440 F. Supp. 2d 366, 376 (D.N.J. 2006) (observing that "[t]emporal proximity between the protected activity and the [retaliation] can be circumstantial evidence of causation" for purposes of an NJLAD claim); Hargrave, 262 F. Supp. 2d at 424 (holding that "[i]n cases where the timing of [retaliation] is, by itself, inconclusive, plaintiff may demonstrate a causal link by producing circumstantial evidence of 'ongoing antagonism' or 'retaliatory animus' in the intervening period between her complaints and the adverse action").

Second, while the District Court correctly observed that Estabrook's co-workers' acts of social shunning could not be considered "severe and pervasive," the other alleged acts of harassment—for example, Chase's false statement to Estabrook's supervisor that Estabrook had called her an "ineffectual manager," his comments to co-workers that he was going to get Estabrook fired, and, most significantly, the false accusations of tampering—when taken together render it plausible that the totality of the conduct would have been enough "to make a reasonable person believe that the conditions of employment have been altered and that the working environment is hostile or abusive." See Shepherd, 174 N.J. at 24. As the Supreme Court of New Jersey has recognized, even where "many of plaintiff['s] allegations, standing alone, would be insufficient to state a

9

cause of action," when "[v]iewed cumulatively," such allegations can be sufficient to present a jury question. Id. at 25, 26. Here, Estabrook has presented factual allegations that "plausibly give rise to an entitlement to relief." See Iqbal, 556 U.S. at 679.

Finally, Estabrook pleaded sufficient facts to render plausible her claim that SEC had knowledge of the harassment by her co-workers and acted negligently in failing to promptly and effectively stop it. Estabrook alleged that she reported the retaliatory harassment to her immediate supervisor and two other managers, none of whom took any action. In addition, accepting all of her factual allegations as true, it is plausible that SEC knew or should have known that when other employees accused her of tampering, such accusations actually constituted harassment that SEC was negligent in failing to address.[2]

## C. Unlawful Retaliation

To state a claim for discriminatory retaliation, a plaintiff must allege that "(1) [she] engaged in a protected activity known by the employer; (2) thereafter [her] employer unlawfully retaliated against [her]; and (3) [her] participation in the protected activity caused the retaliation." Craig v. Suburban Cablevision, Inc., 140 N.J. 623, 629-30 (N.J. 1995). The District Court dismissed Estabrook's claim because she "failed to present evidence to support a prima facie case of unlawful retaliation beyond mere assertions." (App. at 10.) As we held in Fowler, however, "Even post-Twombly, it has

---

[2] For example, the Complaint alleged that Estabrook's supervisor knew that Estabrook's co-workers had been ostracizing and mistreating her and that Chase previously had falsely accused her of negative conduct. The Complaint also alleged that, in connection with the tampering investigation, a manager told Estabrook that "either her co-workers were setting her up or she was guilty" (App. at 26 ¶ 53), suggesting that there were circumstances signaling to SEC that Estabrook had been falsely accused.

been noted that a plaintiff is not required to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" 578 F.3d at 213. Thus, to the extent the Court suggested that Estabrook's claim failed because she failed to <u>establish</u> a prima facie case and failed to "present evidence," it did so erroneously.

Although the plausibility of Estabrook's retaliation claim, in our view, presents a closer question than her other two claims, we are persuaded that there is sufficient factual content in her Complaint that would "allow[] the court to draw the reasonable inference" that SEC is liable for unlawful retaliation. See <u>Iqbal</u>, 556 U.S. at 678. We note that, contrary to the District Court's statement that "SEC leadership involved in the investigation . . . was not aware of the sexual harassment charge against Chase," (App. at 10), Estabrook alleged that, prior to the tampering investigation, she had personally discussed her sexual harassment complaints with Walnicki and Lawrence, the two managers who ultimately concluded that she had tampered with experiments. (App. at 24, 25  ¶¶ 36-37, 46-47; <u>see</u> <u>id.</u> at 26 ¶ 52.)  "View[ing] the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to [Estabrook]," as we must, we agree with Estabrook that the Court erred in dismissing her retaliation claim at this stage in the proceedings. See <u>Sikirica v. Nationwide Ins. Co.</u>, 416 F.3d 214, 220 (3d Cir. 2005).

## IV.    Conclusion

Because the District Court failed to apply the correct pleading standard in

11

evaluating Estabrook's Complaint, we will vacate the Order of the Court dismissing her sexual harassment, retaliatory harassment, and retaliation claims, and remand for further proceedings.