**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3794
_____

ANGELIQUE JENKINS,
                                    Appellant

v.

SEPTA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-02180)
District Judge:  Honorable Chad F. Kenney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2020
Before:  KRAUSE, MATEY and COWEN, Circuit Judges

(Opinion filed: April 14, 2020)
_____

OPINION*
_____

PER CURIAM

        Angelique Jenkins appeals from an order of the United States District Court for

the Eastern District of Pennsylvania, which granted the motion to dismiss filed by

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"). We will vacate the District Court's judgment and remand for further proceedings.

Jenkins filed a complaint under Title VII, alleging that she was discharged from her employment with SEPTA and was retaliated against. Jenkins was under a "Last Chance Agreement" with SEPTA based on a previous incident. She was discharged after opening the wrong door of a train, a safety violation. Jenkins' complaint seemed to suggest that SEPTA fired her because of a complaint she made against a custodial worker.[1] The complaint also suggested that she was fired because of her plans to run for union president.

After answering her complaint, SEPTA filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. In its motion, SEPTA noted that Jenkins had not alleged that she was discriminated against on any protected basis, such as race or gender. In her response and attached exhibits, Jenkins alleged that she was the "only Black Female Discharged for this rule violation." Dkt. #21 at 3. She also suggested that she was retaliated against for filing a complaint against SEPTA director Shwanna Rodgers, who used to be employed in SEPTA's Labor Relations Department. She repeated her allegation that she was discharged to prevent her from running for union office. The District Court granted the motion to dismiss and Jenkins timely appealed.

---

[1] Jenkins and the worker had a verbal disagreement about the availability of paper towels at work, and the worker later vacuumed under Jenkins while she was eating her lunch.

2

We have jurisdiction under 28 U.S.C. § 1291. We review the grant of a Rule 12(c) motion for judgment on the pleadings under a plenary standard. Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). The standards governing Rule 12(c) motions are the same ones that govern motions to dismiss under Rule 12(b)(6). Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations removed); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

We agree with the District Court's decision to dismiss the Title VII claims. Jenkins did not make any allegation in her complaint that she was a member of a protected class. The single statement in her Rule 12(c) response that she was the "only Black Female Discharged for this rule violation" falls far short of alleging facts that could support a prima facie case for a Title VII claim.

But before dismissing a complaint, a district court "must inform the plaintiff that [s]he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The District Court did not allow Jenkins to amend her complaint. We cannot say with certainty that amendment would be futile, as Jenkins made some bare allegations in her Rule 12(c) response, and in her brief here, that suggest that she *might* be able to state a Title VII claim or a claim for First Amendment retaliation. See, e.g., Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 752-53 (3d Cir. 2019) (explaining elements of First

3

Amendment retaliation claim); <u>Christ's Bride Ministries, Inc. v. SEPTA</u>, 148 F.3d 242, 247 (3d Cir. 1998) ("SEPTA is a state actor . . . [and its] actions are constrained by the First and Fourteenth Amendments.").

For these reasons, we will vacate the District Court's judgment and remand for further proceedings.