**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2838

_____

PHILIP TIENE,
Appellant

v.

DREXEL UNIVERSITY; J. SCOTT WATSON, P.C.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-17-cv-02683)
District Judge: Honorable Robert F. Kelly

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 18, 2020

Before: McKEE, BIBAS and COWEN, *Circuit Judges*

(Opinion Filed: August 21, 2020)

_____

OPINION∗

_____

_____

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

Appellant Philip Tiene briefly attended Drexel University, accruing $10,596.35 in unpaid tuition and fees.[1] The University obtained a default judgment against him for this amount. Tiene responded by suing the school and its law firm for alleged violations of federal and state debt collection laws.[2] The district court granted summary judgment to both defendants, and Tiene now appeals the judgment in favor of the law firm under the Fair Debt Collection Practices Act. Because we agree that Tiene's allegations fail to present an issue of contested material fact, we affirm the grant of summary judgment.[3]

**I.**

In reviewing a motion for summary judgment, we view the evidence in the light most favorable to the non-moving party.[4] We are not charged, or permitted, to second-guess credibility determinations or to weigh evidence.[5]

The crux of Tiene's case is that J. Scott Watson, P.C. (JSW) violated the FDCPA by relying on the incorrect residential address from Drexel's Banner system. However, he can point to no evidence that JSW was aware that this address was inaccurate.[6] Furthermore, even if JSW had intentionally provided the wrong address, Tiene would have to look beyond the FDCPA for a remedy. We have held, "a false statement is only

---

[1] *Tiene v. L. Off. of J Scott Watson PC*, 755 Fed. App'x. 203, 204 (3d Cir. 2018).
[2] The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1 *et seq.*
[3] The district court held subject matter jurisdiction under 28 U.S.C. § 1331. We hold jurisdiction over this subsequent appeal under 28 U.S.C. § 1291.
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 255 (1986).
[5] *Id.*
[6] App. 172-74.

actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor; in other words, it must be *material* when viewed through the least sophisticated debtor's eyes."[7] As the district court rightly concluded, because the incorrect address prevented Tiene from receiving notice of the suit, it could not have affected his decision-making and therefore is not actionable under the FDCPA.[8]

Tiene also claims that the notices mailed by JSW violate the FDCPA because they did not include the correct case name (listing it as "Drexel University Tuition" rather than "Drexel University"), and failed to include the court's division number, making it marginally harder to locate online.[9] He points to our well-established "least sophisticated debtor" standard.[10] The standard "[i]s an objective one, meaning that the specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be."[11] But Tiene concedes he gave up after being unable to locate the case information through a simple Google search.[12] The district court correctly

---

[7] *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015).
[8] Of course, a suit that falls outside the ambit of the FDCPA may be actionable on other grounds, but Tiene's claim expires here. He relies for his federal claims solely on jurisdiction under 28 U.S.C. § 1331, as the district court declined to exercise supplemental jurisdiction over his state law claims.
[9] 15 U.S.C. § 1692e.
[10] 791 F.3d at 418.
[11] *Id.* at 419 (emphasis in original).
[12] The district court dismissed Tiene's reliance on Google as "patently absurd." *Tiene v. Drexel Univ.*, CV 17-2683, 2019 WL 3037182, at *7 n.8 (E.D. Pa. July 11, 2019).

notes that had he even searched for his own name on the municipal court's website, he could have readily located the case information.[13]

Finally, Tiene alleged that JSW violated the FDCPA by opposing in court his effort to contest the default judgment. The district court carefully reviewed the proceedings giving rise to this claim and found them to be unsupported by that record. We agree. JSW's legal efforts were directed at defending against Tiene's fraud allegations, not at enforcing the default judgment itself.[14] Thus, there are no disputed material facts in the record, and JSW is properly entitled to a judgment as a matter of law.

## II.

For the reasons stated above, we will affirm the judgment of the district court.

---

[13] *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (Explaining the "least sophisticated debtor" is "a low standard," but that it still "presum[es] a basic level of understanding and willingness to read with care.") (quotation omitted).

[14] App. 18-20, 456-57.