NOT PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2461

_____

AMERICAN BOARD OF INTERNAL MEDICINE,

Appellant

v.

JAMIE SALAS RUSHFORD, M.D.

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-06428)
District Judge: Honorable Katharine S. Hayden

_____

Argued on April 15, 2020
Before:  CHAGARES, SCIRICA and ROTH, Circuit Judges

(Opinion filed: December 24, 2020)

Hara K. Jacobs                [ARGUED]
Paul Lantieri, III
Ballard Spahr
1735 Market Street
51st Floor
Philadelphia, PA 19103

Roberto A. Rivera-Soto
Casey Watkins
Ballard Spahr
210 Lake Drive East
Suite 200
Cherry Hill, NJ 08002

*Counsel for Appellant*

Andrew L. Schlafly          [ARGUED]
939 Old Chester Road
Far Hills, NJ 07931

*Counsel for Appellee*

———————

OPINION[*]

———————

**ROTH**, <u>Circuit Judge</u>:

I.

At issue in this case is whether the three-year statute of limitations for copyright infringement under 17 U.S.C. § 507(b) begins to run from the date of discovery or from the date of injury in circumstances where the plaintiff discovers the identity of the defendant within three years of the injury. The District Court held it begins to run as of the date of injury. For the reasons outlined below, we will reverse that judgment.

II.

To achieve board certification, a physician must satisfy certain educational requirements, including passing speciality-specific computer-based copyrighted exams, administered by American Board of Internal Medicine (ABIM). Defendant Jamie Salas Rushford registered for the August 20, 2009, ABIM certification exam in internal medicine. To prepare for the exam, Rushford registered for a board review course offered by Arora Board Review, a New Jersey-based test preparation provider owned and operated

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

by Rajender Arora. In doing so, Rushford provided Arora with his full name and contact information. In subsequent emails with Arora leading up to the review course, and also after he completed the course in May 2009, Rushford used his email address containing his first initial and the name "Salas," and he signed his name to those emails.

When the exam window for his August 2009 exam opened, Rushford began emailing Arora confidential ABIM exam content using the pseudonym "Jimmy R." and the email address "padrinojr@yahoo.com." On August 20, Rushford passed the exam and became board certified.

In December of 2009, ABIM discovered its test questions on Arora's website and sued Arora for copyright infringement. Among the documents ABIM obtained in discovery were emails exchanged between Arora and a Yahoo email address, which was Rushford's but which concealed his name. ABIM alleged it diligently investigated the identity of the person who used the email address but was unable to match the e-mail address to Rushford until January 2012 when it was tipped off by another exam taker.

ABIM filed a copyright infringement suit against Rushford in October 2014. Rushford moved for judgment on the pleadings on the ground that ABIM's claim was barred by the statute of limitations. The District Court granted Rushford's motion for judgment on the pleadings, holding that although the discovery rule applies to copyright infringement cases, because ABIM discovered Rushford's identity six months before the three-year statute of limitations expired, ABIM was required to bring its claim within those

3

six months.[1]  ABIM timely appealed.

## III.[2]

The District Court based its holding, that ABIM was required to bring its claim within six months of when it discovered Rushford's identity (i.e., in the six months leading up to the statute of limitations' expiration), on the ground that equity is a necessary condition for any extension of a statute of limitations period.[3]  Since ABIM had time to bring its claim before the three-year statute of limitations expired, equity did not require that it receive an extension.

In arriving at that conclusion, the District Court focused on the word "equitable" from our opinion in *William A. Graham Co. v. Haughey* (*Graham I*),[4] in which we applied the discovery rule to the Copyright Act.  In doing so, the District Court interpreted a single sentence in a footnote.  The sentence, which reads the "discovery rule originated as an equitable doctrine to extend the period during which victims of latent injuries could seek recovery,"[5] is dictum.  The District Court replaced this dictum with a new rule:  "If a party learns of all facts necessary to bring suit within the limitations period, then allows the limitations period to expire, and later on invokes the discovery rule for an 'equitable' extension that was not needed in the first place, then…the statute of limitations doesn't

---

[1] *Am. Bd. of Internal Med. v. Rushford*, 2017 WL1024267 at *3 (D.N.J. Mar. 16, 2017).
[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1338; we have jurisdiction under 28 U.S.C. § 1291.  Our review is plenary.  *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008).
[3] *Rushford*, 2017 WL1024267 at *3.
[4] 568 F.3d 425, 436 (3d Cir. 2009).
[5] *Id.* at 436, n.8 (quoting *Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth.*, 539 F.3d 199, 216 n.16 (3d Cir. 2008)).

mean anything."[6]  On the District Court's reading of *Graham I*, before applying the discovery rule in copyright infringement cases, courts must inquire whether the plaintiff could have brought his claim during the period that would have been the statute of limitations period if the injury rule applied.  *Graham I* nowhere suggests such a far-reaching rule.

Perhaps realizing the District Court's flawed reading of *Graham I*, Rushford now additionally grasps at *Graham*'s sequel, "*Graham II*."[7]  *Graham II* distinguished between the accrual of a cause of action and the running of a statute of limitations.[8]  Given that distinction, Rushford contends that for the discovery rule to apply, because it is a tolling rather than an accrual doctrine, plaintiffs must allege equitable justification.

Rushford's reliance on *Graham II* is also erroneous.  In *Graham II* we were concerned only with the specific question of when prejudgment interest for copyright claims begins to accrue.  In answering that question, we addressed whether the discovery rule is properly characterized as "delaying the accrual of a cause of action" or as "tolling the running of the limitations period."[9]  We drew the important distinction between two terms that are often confused—"accrual" and "running"—and clarified that "accrual" applies to causes of action, while "running" applies to statutes of limitations.[10]  We held that the former—which has import for calculating prejudgment interest—begins with the

---

[6] *Rushford*, 2017 WL1024267 at *3 (internal quotations omitted).
[7] *William A. Graham Co. v. Haughey*, 646 F.3d 138, 142 (3d Cir. 2011).
[8] *Graham*, 646 F.3d at 146–149.
[9] *Graham*, 646 F.3d at 148.
[10] *Id.* at 148–50.

injury, whereas the latter—which has import for the availability of a claim altogether—begins with the discovery of the cause of action.[11] That clarification has no bearing on the situation here where ABIM discovered the cause of action within three years of its accrual and the relevant question is whether the statute of limitations begins as of the injury or of the discovery.

Based on our precedent, there is no basis for the District Court's proposition, now echoed by Rushford, that the equitable underpinning of the discovery rule renders the rule inapplicable when the plaintiff discovers the basis for his claim within the statute of limitations period. Rather, the discovery rule means that the statute of limitations period begins to run as of the date of the discovery of the cause of action.[12] Once the statute of limitations begins to run, the plaintiff has three years to bring his claim. In this case, ABIM discovered Rushford's (intentionally concealed) identity in January 2012, when it was tipped off by another test taker. The three-year statute of limitations therefore began to run as of January 2012. Thus, when ABIM brought suit against Rushford in October 2014, it was within the three-year statute of limitations period, and, hence, timely.

## IV.

In addition to holding that the discovery rule is "irrelevant" to this case, the District

---

[11] *Id*. at 147–148.

[12] *See, e.g., Graham*, 646 F.3d at 150 ("Since it cannot be an accrual doctrine, the discovery rule must instead be one of those legal precepts that operate to toll the running of the limitations period after a cause of action has accrued, as sundry cases have stated."); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990) ("[I]t is entirely clear that the discovery rule if applicable gives the plaintiff the entire statute of limitations period in which to sue, counting from the date of discovery…for otherwise the defendant would obtain a benefit from his inequitable conduct….").

Court concluded that there was no alleged basis for equitable tolling because "[t]here [were] no facts pleaded (or set forth at oral argument) that Rushford intentionally misled ABIM in his use of the aliases in his emails to Arora."[13]  But using a pseudonym and an email address that conceals one's identity are surely suggestive of intent to mislead. Therefore, even in the absence of the discovery rule, ABIM's allegations concerning Rushford's deliberate attempts to disguise his identity should have warranted application of equitable tolling.

V.

We will reverse the District Court's order dismissing ABIM's claims and remand for further proceedings consistent with this opinion.

---

[13] *Rushford*, 2017 WL1024267 at 4.