**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2062-22

ALENA WOODHOUSE, on
behalf of herself and all others
similarly situated,

     Plaintiff-Appellant,

v.

HEARTLAND RESOLUTION
GROUP, LLC,

     Defendant-Respondent.

_____

Submitted March 4, 2024 – Decided March 18, 2024

Before Judges Gilson and Berdote Byrne.

On appeal from the Superior Court of New Jersey,
Law Division, Monmouth County, Docket No.
L-2366-22.

Jones, Wolf & Kapasi, LLP, attorneys for appellant
(Joseph K. Jones, on the brief; Benjamin J. Wolf, on
the briefs).

Sessions, Israel & Shartle, attorneys for respondent
(Aaron R. Easley, on the brief).

PER CURIAM

Plaintiff, Alena Woodhouse, appeals from a March 9, 2023 order dismissing with prejudice her proposed class action complaint, claiming defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to 1692(p), by making three false or misleading statements in a letter sent to her by defendant in an attempt to collect a debt. After reviewing the record in light of the arguments advanced by the parties, and applying prevailing legal standards, we are in substantial agreement with the oral opinion of the Honorable Mara Zazzali-Hogan and affirm for the reasons expressed in her well-reasoned opinion. We add the following comments.

Plaintiff evidently failed to pay a debt in the amount of $613 to Tidal Emergency Physicians, which was eventually turned over to defendant, Heartland Resolution Group, LLC (Heartland), for collection. Heartland sent plaintiff a letter in July 2022 seeking to negotiate a partial payment of the debt, proposing to resolve the debt through a one-time payment of $170.75. The letter also stated:

> The law limits how long you can be sued on a debt. Because of the age of your debt, you cannot be sued for it. In many circumstances, you can renew the debt and start the time period for the filing of the lawsuit against you if you take specific actions such as making certain payments on the debt or making a written promise to

2

pay.  You should determine the effect of any actions with respect to this debt.

Plaintiff filed a proposed class action lawsuit, asserting Heartland had violated the FDCPA.  Specifically, plaintiff alleged the last paragraph of the letter contained three false or misleading statements.  First, she argued the statement that she could not be sued on account of the debt was misleading because even though the statute of limitations had expired, she could still be sued on the debt, and would then have to assert the statute of limitations as an affirmative defense.  Second, she argued the statement about restarting the time was misleading because the statute of limitations could restart if she took certain actions.  Finally, she argued the statement about the effect of certain payments was misleading.

The first statement, as aptly noted by Judge Zazzali-Hogan, was not materially deceptive as it did not "imply plaintiff ha[d] a legal obligation to satisfy the debt or face repercussions for doing so."  This was simply a communication made to collect on the debt and not a lawsuit.  Had defendant filed a lawsuit without conducting a reasonable inquiry as to the age of the debt, a violation of the FDCPA may have occurred, although plaintiff would have had a defense in the statute of limitations.  Midland Funding LLC v. Thiel, 446 N.J. Super. 537, 549 (App. Div. 2016). ("It has been noted that whether a collection

notice says the consumer 'cannot' be sued for the debt versus 'will not' be sued for the debt is a matter of semantics for the least sophisticated consumer. Both formulations effectively convey the same accurate message urged by the Consumer Financial Protection Bureau (CFPB) and the Federal Trade Commission (FTC).") See Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008); Riccio v. Sentry Credit, Inc., 954 F.3d 582, 594 (3d Cir. 2020).

Language in the letter regarding the effect of certain actions on the statute of limitations is also accurate and not materially deceptive pursuant to the FDCPA as the language warns plaintiff of the potential consequences of taking any action. Judge Zazzali-Hogan noted this disclosure "adequately warns plaintiff that if she does nothing, the statute of limitations will not restart and that other actions could alter the legal status of the debt." These general warnings cannot establish "materially deceptive conduct that would impact the least sophisticated debtor's ability to make intelligent decisions," as she reasoned. Finally, these statements cannot establish a materially deceptive statement when read in context with the last sentence, which states: "You should determine the effect of any actions with respect to this debt."

In sum, we concur with Judge Zazzalli-Hogan that none of the statements are materially deceptive. Instead, they provide accurate warnings to the least

4

sophisticated consumer that the debt is too old to subject plaintiff to legal liability, but if she chose to take any action with respect to the debt, it could restart the statute of limitations and warned, generally, to proceed cautiously in taking any action.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2062-22